

Brad A. Denton, #016454
Brad@DentonPeterson.com
Jay Parmelee, #034477
Jay@DentonPeterson.com

DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901
HTTPS://ARIZONABUSINESSLAWYERAZ.COM

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Wing Nin (Eric) Mok, an individual; and Oriental Union Inc Limited, a Hong Kong corporation; <br><br> Plaintiffs, <br><br> vs. <br><br> Reginald D. and Jane Doe Fowler, a married couple; Spiral Global Development Corporation, a Delaware corporation; Eligibility Criterion Unipessoal, Lda, a Portugal private limited company; and Does 1 through 10, inclusive, <br><br> Defendants. | No. <br><br> **COMPLAINT AND JURY DEMAND** |

COME NOW, Plaintiffs, Wing Nin (Eric) Mok ("Mok") and Oriental Union Inc Limited ("Oriental Union"), and for causes of action against Defendants Reginald D. ("Fowler") and Jane Doe Fowler, Spiral Global Development Corporation ("Spiral"), Eligibility Criterion Unipessoal Lda ("Eligibility"), and Does 1 through 10, inclusive, hereby allege and complain as follows:

## **PARTIES**

1.  Mok is, and at all times relevant hereto was, a resident of Hong Kong.

///

2. Oriental Union is, and at all times relevant hereto was, a corporation organized and existing under the laws of Hong Kong.

3. Plaintiffs are informed and believe, and based thereon allege, that Reginald D. and Jane Doe Fowler are a married couple, and at all times relevant hereto, were and are residing in the County of Maricopa, State of Arizona. Jane Doe Fowler is named herein solely because of her interest in the marital community with Fowler.

4. Plaintiffs are informed and believe, and based thereon allege, that Fowler acted on behalf of his marital community with respect to the allegations contained herein.

5. Spiral is a corporation organized and existing under the laws of Delaware, and through Fowler was and is conducting business in the State of Arizona.

6. Eligibility is a private limited company organized and existing under the laws of Portugal, and through Fowler was and is conducting business in the State of Arizona.

7. The true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names. Plaintiffs allege that each fictitiously named Defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to Plaintiffs as herein alleged. Plaintiffs will seek leave of Court to amend this Complaint to set forth their true names and capacities when and if ascertained.

8. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants sued herein, including those named herein as Does, are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment, guaranty, assignment, license, invitation, and/or relationship and with the full knowledge and consent of the remaining Defendants.

## **ALTER EGO ALLEGATIONS**

9. Plaintiffs are informed and believe, and based thereon allege, that Fowler, Spiral, and Eligibility were at all relevant times the alter ego of each other by reason of the following:

a. Plaintiffs are informed and believe, and based thereon allege, that Fowler dominated, influenced, and controlled Spiral and Eligibility and the officers thereof as well as the business, property, and affairs of Spiral and Eligibility.

b. Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned there existed and exists a unity of interest and ownership between Fowler, Spiral, and Eligibility such that the individuality and separateness of the entities has ceased.

c. Plaintiffs are informed and believe, and based thereon allege, that at all times since the organization of Spiral and Eligibility, Spiral and Eligibility have been and now are mere shells and naked framework which Fowler used as a conduit for the conduct of common business, property, and affairs.

d. Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Spiral and Eligibility were organized by Fowler as devices to avoid individual and common liability and for the purpose of substituting financially irresponsible limited liability companies or corporations in the place and stead of other liable entities, and accordingly, Spiral and Eligibility were formed with capitalization totally inadequate for the business in which they are or were engaged.

e. Plaintiffs are informed and believe, and based thereon allege, that Spiral and/or Eligibility are/is insolvent.

f. By virtue of the foregoing, adherence to the fiction of the separate corporate existence of Spiral and Eligibility would sanction a fraud and promote injustice in that Plaintiffs would be unable to realize any judgment in their favor.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), as the controversy arises between citizens of a State and citizens or subjects of foreign states. The amount in controversy herein exceeds $75,000.00.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c), as Fowler resides in this district, Spiral and Eligibility do business in this district through Fowler, and the contracts, events, and omissions giving rise to the claims herein occurred in this district.

## FACTUAL ALLEGATIONS

12. Mok, together with Oriental Union, entered into multiple secured loan agreements (the "SLAs") with Fowler, Spiral , and Eligibility whereby Fowler, Spiral, and Eligibility would borrow certain amounts from Mok and Oriental Union.

13. The first secured loan agreement was entered into on or about January 2, 2019, in the amount of $2,500,000.00. Repayment was due 90 days from the funding of the loan.

14. The second secured loan agreement was entered into on or about January 21, 2019, in the amount of $1,000,000.00. Repayment was due 90 days from the funding of the loan.

15. The third secured loan agreement was entered into on or about February 13, 2019, in the amount of $1,500,000.00. Repayment was due 90 days from the funding of the loan.

16. Fowler, Spiral, and Eligibility have failed and refused to repay any of the amounts due under the SLAs.

## COUNT ONE
### (Breach of Contract)

17. Plaintiffs re-allege and incorporate all of the allegations contained in the preceding paragraphs as if fully stated herein.

18. Plaintiffs and Defendants entered into the SLAs, whereby Plaintiffs would loan money to Defendants and Defendants would repay Plaintiffs.

19. Defendants materially breached the SLAs by failing and refusing, and continuing to fail and refuse, to pay Plaintiffs the amounts due under the SLAs.

20. Plaintiffs have performed all of their obligations under the SLAs except those excused from performance by Defendants' continued breaches of the SLAs.

21. Despite Plaintiffs' demands, Defendants have failed to cure their breaches of the SLAs.

22. As a direct and proximate result of Defendants' breaches, Plaintiffs have incurred damages in an amount according to proof at trial, but in any event no less than $5,500,000.00.

23. Because this matter arises out of contract, Plaintiffs are entitled to an award of their reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, and/or all other applicable contractual, statutory, and legal authority, and their taxable costs pursuant to A.R.S. § 12-341.

## COUNT TWO

### (Breach of the Covenant of Good Faith and Fair Dealing)

24. Plaintiffs re-allege and incorporate all of the allegations contained in the preceding paragraphs as if fully stated herein.

25. Plaintiffs and Defendants entered into the SLAs, whereby Plaintiffs would loan money to Defendants and Defendants would repay Plaintiffs.

26. A covenant of good faith and fair dealing is implied in every contract in Arizona, which prevents a party from acting in such a manner as to destroy the right of the other parties to receive the benefit of the bargain.

27. Defendants breached the covenant of good faith and fair dealing contained in the SLAs by failing and refusing, and continuing to fail and refuse, to pay Plaintiffs the amounts due under the SLAs.

28. Plaintiffs have performed all of their obligations under the SLAs except those excused from performance by Defendants' continued breaches of the SLAs.

29. Despite Plaintiffs' demands, Defendants have failed to cure their breaches of the covenant of good faith and fair dealing.

30. As a direct and proximate result of Defendants' breaches, Plaintiffs have incurred damages in an amount according to proof at trial, but in any event an amount no less than $5,500,000.00.

///

1  31. Because this matter arises out of contract, Plaintiffs are entitled to an award of their reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, and/or all other applicable contractual, statutory, and legal authority, and their taxable costs pursuant to A.R.S. § 12-341.

## COUNT THREE

### (Unjust Enrichment)

32. Plaintiffs re-allege and incorporate all of the allegations contained in the preceding paragraphs as if fully stated herein.

33. Defendants were enriched by Plaintiffs' lending them money.

34. Plaintiffs were impoverished by Defendants' failure and refusal to repay the monies loaned.

35. Defendants are not justified in retaining their enrichment at the expense of Plaintiffs.

36. Plaintiffs have been damaged in an amount according to proof at trial, but in any event an amount no less than $5,500,000.00.

## COUNT FOUR

### (Money Lent)

37. Plaintiffs re-allege and incorporate all of the allegations contained in the preceding paragraphs as if fully stated herein.

38. Within the last three years, Defendants became indebted to Plaintiffs for money lent to by Plaintiffs to Defendants at Defendants' specific request.

39. Plaintiffs have been damaged in an amount according to proof at trial, but in any event an amount no less than $5,500,000.00.

  WHEREFORE, Plaintiffs, Wing Nin (Eric) Mok ("Mok") and Oriental Union Inc Limited ("Oriental Union"), respectfully requests that this Court order such relief in their favor, and against Defendants Reginald D. ("Fowler") and Jane Doe Fowler, Spiral Global Development Corporation ("Spiral"), Eligibility Criterion Unipessoal Lda ("Eligibility"), and Does 1 through 10, inclusive, as is necessary to make them whole, including, without limitation:

6

A. For compensatory, incidental, and consequential damages in an amount according to proof at trial;

B. For reasonable attorneys' fees, costs, and other expenses incurred in bringing this action pursuant to A.R.S.§ 12-341 and § 12-341.01 and all other applicable law;

C. For pre- and post-judgment interest thereon from the earliest time permitted by law until the judgment is paid in full; and,

D. For such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs, by and through undersigned counsel, hereby demand a trial by jury.

RESPECTFULLY SUBMITTED this 19th day of February, 2021.

**DENTON PETERSON DUNN, PLLC**

/s/ Jay Parmelee
Brad A. Denton
Jay Parmelee
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorneys for Plaintiffs*